FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA 19 FEB -7 P 3: 40
(Alexandria Division)

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. SANTOS S. MONRROY<br><br>COMMONWEALTH OF VIRGINIA<br>ex rel. SANTOS S. MONRROY<br><br>and<br><br>SANTOS S. MONRROY<br><br>  Relator/Plaintiffs,<br><br>  v.<br><br>CLARK CONCRETE CONTRACTS, LLC<br>7500 Old Georgetown Road<br>Bethesda, Maryland 20814<br>Serve:<br>    CT CORPORATION SYSTEM<br>    4701 COX ROAD, SUITE 285<br>    GLEN ALLEN VA 23060<br><br>  Defendant. | FILED IN CAMERA & UNDER SEAL<br><br>Civil Action No. 1:19CV155<br>                  AJT/TCB |

## COMPLAINT

COMES NOW, Relator or Plaintiff, Mr. Santos S. Monrroy ("Monrroy" or

"Relator/Plaintiff" where applicable) hereby through undersigned counsel, brings this *qui*

*tam* action on behalf of the United States of America and Commonwealth of Virginia and

brings the related claims in this action on his own behalf against Clark Concrete Contracts,

LLC (hereinafter as "Defendant" or "Clark Construction"). The actions alleged herein by

Monrroy include violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, Fair Labor

Standards Act 29 U.S.C. § 201 *et seq.*, and related actions under these and other federal and

state statutes and regulations.

## NATURE OF COMPLAINT

2. This complaint alleges that Defendant, by virtue of their noncompliance with the Davis-Bacon Act and billing practices, have been defrauding the United States Government, Commonwealth of Virginia, and other state and local governments and instrumentalities in a variety of ways, including, but not limited to, knowingly providing false information via certified payrolls in exchange for payment, failure to pay benefits and failure to comply with applicable, related laws and regulations.

## PARTIES AND OTHER RELATED PERSONS

3. Monrroy is a resident of Herndon, Virginia, who has more than twenty years of experience as a heavy construction worker, who at all times relevant to this matter has been employed by Defendant.

4. The Commonwealth of Virginia ("Commonwealth") is a potential Plaintiff in this *qui tam* action.

5. Metropolitan Washington Airport Authority ("MWAA") is a public body politic and corporate, created with the consent of the Congress of the United States by the District of Columbia Regional Airports Authority Act of 1985, as amended, and Ch. 598, Virginia Acts of Assembly of 1985, as amended.  The MWAA awarded federal contracts at issue to the parties listed in the subsequent paragraphs.

6. Defendant, Clark Concrete is a Maryland limited liability company which is authorized to transact business in Virginia, with its principal office located at 7500 Old Georgetown Road, Bethesda, Maryland.

7. Clark Construction Group, LLC ("Clark Construction") is a Maryland limited liability company which is authorized to conduct business in Virginia, with its principal office located at 7500 Old Georgetown Road, Bethesda, Maryland.

8. Kiewit Infrastructure South, Co. ("Kiewit"), is a Nebraska stock corporation, which is authorized to do business in Virginia, with its principal office at 3555 Farnam Street Omaha, Nebraska 68131.

9. Capital Rail Constructors, a Joint Venture, ("CRC") is a joint venture, with its main office at 749 Cordell Way Herndon, Virginia, 20170-4402, and which is operating as a joint partnership with Clark Construction, and Kiewit.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the Defendant regarding federal claims pursuant to 28 U.S.C. § 1331, and supplemental subject matter jurisdiction regarding one or more related claims pursuant to 28 U.S.C. § 1367 & 31 U.S.C. § 3732.

11. This Court has personal jurisdiction over the Defendant and the Judicial district is the proper venue pursuant to 28 U.S.C. § 1391(d) and 31 U.S.C. § 3732(a), because the Defendant is located and transacts business in this judicial district, and several alleged acts proscribed by 31 U.S.C. § 3730(h) occurred in this judicial district.

12. This Complaint is not based upon a public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, General Accounting Office, or other Federal report, hearing, audit, or investigation, or in the news media.

13. Monrroy has direct and independent knowledge, within the meaning of 31 U.S.C. § 3730(e)(4)(B), derived through his employment with the Defendant, of the information on which the allegations set forth in this Complaint are based, and he has voluntarily provided the information to the Government prior to the filing of this Complaint and prior to any public disclosures of the allegations or transactions set forth herein.

14. Counts I and II are civil actions by Monrroy, acting on behalf of and in the name of the United States, against Defendant under the federal False Claims Act, 31 U.S.C. §§ 3729 -

3733, 3729(a)(l)(B) and 3801. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1345, and 31 U.S.C. § 3732(a).

15. Count IV is a civil action by Monrroy, acting on behalf of and in the name of the

Commonwealth of Virginia, against Defendant, under the Virginia Fraud Against

Taxpayers Act, Va. Code Ann. § 8.01-216.1 *et seq*. This Court has supplemental

jurisdiction pursuant to 28 U.S.C. § 1367 & 31 U.S.C. § 3732.

### STATEMENT OF FACTS

16. On May 14, 2013, The Metropolitan Washington Airports Authority and Capital Rail

Constructors entered into the Design-Build Contract for Phase 2. (hereinafter "Silver Line

Contract" or "Contract")(Relevant Portions included in Ex. 1).

17. Article 2.3.4 of the Contract states:

> Contractor shall require that each Subcontractor is bound to
> Contractor by applicable terms consistent with the Contract
> Documents and assumes toward Contractor all the obligations
> and responsibilities that Contractor assumes toward Owner
> which are applicable to the Work performed by each
> Subcontractor. Such terms and obligations include, but are not
> limited to, those relating to the following: (f) compliance with
> the requirements of Exhibit 2.3.14. (Ex. 1-A).

18. Article 2.3.14 of the Contract states:

> In performing the Work, Contractor shall comply with the
> requirements set forth in Exhibit 2.3.14 (Federal Requirements).
> (Ex. 1-B).

19. Section 12 of Exhibit 2.3.14 of the Contract states that "Contractor agrees to comply with

the Davis-Bacon Act, 40 U.S.C. § 3141 *et seq*. as supplemented by Department of Labor

Regulations (29 CFR Part 5, "Labor Standards Provisions Applicable to Contracts

Governing Federally Financed and Assisted Construction")  Furthermore,

> All laborers and mechanics employed or working upon the site
> of work . . . will be paid unconditionally and not less often than
> once a week, and without subsequent deduction or rebate on any
> account . . . the full amount of wages and bona fide fringe

benefits due at the time of payment computed at rates not less than those contained in the wage determination of the Secretary of Labor, which is attached hereto and made a part hereof, regardless of any contractual relationship which may be alleged to exist between Contractor or Subcontractor and such laborers and mechanics. (Ex. 1-C)

20. Attachment 1 of the Contract is titled the "Wage Determinations per Section 12(1) of Federal Requirements[,]" which mandates the correct wages to be paid to employees on the Silver Line Contract and Monrroy. (Ex. 1-D)

21. Defendant was awarded contracts and subcontracts to perform construction services under design-build contract for Phase 2 of the Metrorail Silver Line project ("Silver Line"). The Silver Line Contract is funded with funds from the Government, Commonwealth of Virginia, Fairfax County, and Loudoun County and is being performed in the Commonwealth of Virginia. Clark Concrete, is or was a lower-tier subcontractor under the Silver Line Contract.

22. Defendant has been performing federal and other government contracts in the Washington, DC metropolitan area. Defendant, specifically, engaged in payment practices which do not comply with the Davis-Bacon Act, that have tainted both their and the other Defendant's conduct on Federal and other government contracts in the Washington, DC metropolitan area. Defendant cannot truthfully certify compliance with Davis-Bacon under the foregoing contracts, and potentially other contracts, and, therefore, neither can the remaining Defendant.

23. The Davis-Bacon Act, 40 U.S.C. § 3141 *et seq.*, and Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, require contractors and subcontractors to pay their laborers employed under any covered contract no less than the locally prevailing wages (i.e., basic rates of pay and fringe benefits) on federal and Commonwealth of Virginia construction contracts. Specifically, the Davis-Bacon Act also applies to contractors and subcontractors

performing on federally funded or assisted contracts in excess of $5,000 for the construction, alteration, or repair (including painting and decorating) of public buildings or public works.

24. Failure to comply with the Davis-Bacon Act is a basis for claims under the federal False Claims Act, 31 U.S.C. §§ 3729-3733, *et seq.*, and states false claims acts under certain circumstances. The submission to the federal government of certified payrolls and other certified documentation is an implied certification of compliance with the Davis-Bacon Act requirements that constitutes a violation of the Federal False Claims Act when the government issues contract payments in reliance on those certifications.

## III. THE DAVIS-BACON ACT APPLIED TO THE SILVER LINE CONTRACT

25. Defendant performs on government contracts including but not limited to the Silver Line Contract.

26. The Silver Line Contract expressly incorporate by reference the Davis-Bacon Act along with related federal statutes, regulations and contract stipulations. Defendant systemically failed to comply with the applicable Davis-Bacon Act prevailing wage rates, to include both a basic rate of pay, the applicable fringe rate and the applicable overtime pay on the contracts which have caused direct damages to the applicable government procuring or financing agencies and to Monrroy and other employees providing services under the contracts.

27. In order to receive payment, Defendant must certify compliance with the Davis-Bacon Act whether by submitting certified payrolls or other related statements. Defendant is still performing or completed performance at each site and, therefore, have received payment in relation to the reliance of cognizant government agencies and/or financing instrumentalities upon falsely certified payrolls and other Davis-Bacon Act certifications made in relation to contract performance.

28. The Davis-Bacon Act applies to the Silver Line Contract because the Silver Line Contract incorporates the relevant portions of the DBA and is performed in the Commonwealth Virginia and the Silver Line Contract is funded, in part, with federal funds from the United States Department of Transportation ("DOT"), Commonwealth of Virginia, and Fairfax and Loudoun County.

29. The prevailing wages for government contracts under the DBA are determined by DOL Wage Determinations and provide guidance for two categories "Heavy" and "Building." Those decisions are incorporated into the Contract. *See* DOL Decision Nos. VA20100198; VA20100208; VA20100154; VA20100146. (Ex. 1-D)

30. Monrroy was employed by Clarke Concrete to work on the Silver Line Contract. Monrroy worked with a team of other Defendant's employees. Monrroy was employed at various times on the Silver Line Contract as a carpenter.

31. As the chart below indicates, throughout his employment on the Silver Line Contract, Defendant did not pay Monrroy according to the applicable Davis-Bacon Act prevailing wage rate for the positions. (Ex. 2) Defendant did not pay Monrroy his fringe benefits. On information and belief, Defendant did not properly record and report Monrroy's work while he was working at the Silver Line Contract.

**Table of Monrroy's Wages**

| Labor Category | DB Rate | DB Fringe | DB - OT | CC Rate | CC Fringe | CC - OT |
|---|---|---|---|---|---|---|
| Carpenter | $26.61 (Heavy) $26.38 (Build) | $7.98 (Heavy) $7.06 (Build) | $39.91 (Heavy) | $26.61 | | $39.91 |

(Davis-Bacon is "DB" & Clark Concrete is "CC" & Overtime is "OT")

32. On information and belief, at no time were other Clark Concrete employees paid their fringe benefits.

33. As contractors on the Silver Line Contract, Defendant owed a non-delegable duty to their employees to ensure they were paid the prevailing wages, in accordance with the terms of the Silver Line Contract and the Davis-Bacon Act as incorporated into their contract. The duty to pay workers prevailing wages exists regardless of whether workers are paid by the prime contractor or by the subcontractors.

34. Certification of compliance with the Davis-Bacon Act to the government, whether by certified payrolls or other related statements, is a prerequisite to the payment of the Defendant, their affiliates' and its subcontractors' invoices.  Defendant, their affiliates and its subcontractors have been performing or have performed under the Silver Line Contract since the project's inception and, therefore, have submitted invoices to include certified payrolls up the supply chain and, inevitably, to the responsible government instrumentalities for expenses including Monrroy's wages, and have been paid in relation to those invoices as a result of the government's reasonable reliance on their certifications of Davis-Bacon Act compliance.

35. In order to enhance their own profits, Defendant, represented to the government on each of their invoices involving Monrroy, and possibly other employees' wages, that the wages of Defendant, its affiliates and its subcontractors, pay comply with Davis-Bacon Act despite actually knowing or operating with reckless disregard for the truth. As a result of these misrepresentations, the government has been damaged by paying a higher amount for wages that were not paid to Monrroy and other affected employees.

**COUNT I: Knowingly Presenting False Claims to the Government**
**(31 U.S.C. § 3729(a)(1) and 31 U.S.C. § 3801, *et seq.*)**

36. Monrroy re-alleges and incorporates the allegations contained in paragraphs 1-35, as if fully set forth herein. This Count is a civil action against Defendant for alleged violations of 31 U.S.C. § 3729(a)(l)(A) and 31 U.S.C. § 3801, *et seq.*

### 1. Defendant's Conduct

37. Pursuant to § 3729(a)(l)(A), Defendant knowingly presented or caused to be presented false or fraudulent claims to the U.S. government and, its agents and/or instrumentalities, for approval. Defendant, by executing U.S. government contracts were legally obligated to pay, and to ensure that Defendant's affiliates and subcontractors paid, the Davis-Bacon Act's prevailing wages to all laborers working under those contracts.

38. Defendant, in connection with numerous contracts, knowingly made actual and/or implied representations of compliance with the Davis-Bacon Act wage and fringe pay requirements in certified payrolls submitted to the government (which were false).

39. Defendant made these representations with the intent to deceive the government in order to profit from them by retaining the difference between the amount they claim was paid to workers and the amount that was actually paid or to prevent from having to equitably adjust their contract to account for the increased costs associated with Davis-Bacon Act requirements.

40. Defendant has and continue to perform on Davis-Bacon Act covered contracts despite the noncompliance because the government reasonably relied on Defendant representations of compliance with the Davis-Bacon Act in paying the Defendant. As a result of these misrepresentations, the government has been damaged and has paid a higher amount for wages that were not paid for Defendant's workers.

### 2. Monrroy's Knowledge

41. Monrroy is an original source within the meaning of the federal False Claims Act and the facts upon which Monrroy relies in bringing this action have not been previously disclosed to the public.

42. Monrroy has direct and personal knowledge of the facts that Defendant did not pay their employees the prevailing wage rates as required by the Davis-Bacon Act provisions and clauses of the respective contracts. Monrroy received paychecks indicating he personally did not receive the prevailing wage and also has personal knowledge of the Defendant's widespread and systematic practice of failing to pay employees the prevailing wage. Monrroy also has direct and personal knowledge of Defendant's false representations to the Government that it did pay prevailing wages.

### 3. Defendant's Liability

43. Defendant's knowingly false (or with reckless disregard for the truth) misrepresentations of Davis-Bacon Act compliance are widespread and discovery will reveal additional misrepresentations and deceptions made by Defendant to the government. Defendant's above acts violate 31 U.S.C. § 3729, *et seq.*, and 31 U.S.C. § 3801, *et seq.*, and because of Defendant's conduct under this Count and the government's reliance on Defendant's material misrepresentations, the United States has suffered actual damages.

**WHEREFORE**, Monrroy demands judgment for actual damages with final amount to be proven at trial be entered against the Defendant, and that statutory damages be awarded in the amount of not less than $5,500 and not more than $10,000 for each and every incident of false certification to the United States Government and underpayment to Monrroy, and to each and every employee of Defendant who was not paid prevailing wages, plus three times the amount of damages the Government has sustained as a result thereof.

Monrroy demands that statutory damages be awarded as well as reasonable attorneys' fees as provided for by the False Claims Act. Monrroy demands a money judgment be entered

against the Defendant for violations of the False Claims Act and in accordance with any other remedy available at law.  Monrroy further requests an award of all costs of this litigation and any other relief allowed for by law or equity.

**COUNT II: Knowingly Making False Statements or Records to the Government**
**(31 U.S.C. §§ 3729(a)(l)(B) and 3801 *et seq.*)**

44. Monrroy re-alleges and incorporates the allegations contained in paragraphs 1-43, as if fully set forth herein. This Count is a civil action against Defendant for alleged violations of 31 U.S.C. § 3729(a)(1)(B).

**1. Defendant's Conduct**

45. Pursuant to 3729(a)(l)(B), Defendant knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim. Defendant, by executing U.S. government contracts were legally obligated to pay, and to ensure that Defendant's affiliates and subcontractors paid, the prevailing wages to all laborers working under those contracts.

46. Defendant, in connection with numerous government contracts, knowingly made actual and/or implied representations of material facts regarding compliance with the Davis-Bacon Act wage and fringe pay requirements, and among other things, in certified payrolls submitted to the government (which falsely represented Davis-Bacon compliance). Defendant knowingly or with reckless disregard for the truth made these representations with the intent to deceive the government in order to profit retaining the difference between the amount they claim was paid to workers and they amount that was actually paid or to prevent from having to equitably adjust their contract to account for the increased costs associated with Davis-Bacon Act requirements.

47. Defendant have and continue to perform on Davis-Bacon Act covered contracts despite the noncompliance because the government reasonably relied on Defendant's representations

of compliance with the Davis-Bacon Act. As a result of these misrepresentations, the government has been damaged and has paid a higher amount for wages that were not paid to workers.

### 2. Monrroy's Knowledge

48. Monrroy is an original source within the meaning of the Federal False Claims Act and the facts upon which Monrroy relies in bringing this action have not been previously disclosed to the public.

49. Monrroy has direct and personal knowledge of the facts that Defendant did not pay employees the prevailing wage rates as required by the Davis-Bacon Act provisions and clauses of the respective contracts. Monrroy received paychecks indicating that he personally did not receive the prevailing wage, and he also has personal knowledge of the widespread and systematic practice of failing to pay employees the prevailing wage. Monrroy also has direct and personal knowledge of Defendant's false representation to the Government that it did pay prevailing wages.

### 3. Defendant's Liability

50. Defendant's knowingly false misrepresentations of Davis-Bacon Act compliance are widespread, and discovery will reveal additional misrepresentations and deceptions made by Defendant to the government. The above acts violate 31 U.S.C. § 3729, *et seq.*, and 31 U.S.C. § 3801, *et seq.*, and because of Defendant's conduct under this Count and the government's reliance on Defendant's material misrepresentations, the United States has suffered actual damages.

**WHEREFORE,** Monrroy demands judgment for actual damages in the amount with the final amount to be proven at trial be entered against the Defendant, and that statutory damages be awarded in the amount of not less than $5,500 and not more than $10,000 for each and every incident of false certification to the United States Government and

underpayment to Monrroy, and to each and every employee of Defendant who was not paid prevailing wages, plus three times the amount of damages the Government has sustained as a result thereof.

Monrroy demands that statutory damages be awarded as well as reasonable attorneys' fees as provided for by the False Claims Act. Monrroy demands a money judgment be entered against the Defendant for violations of the False Claims Act and in accordance with any other remedy available at law. Monrroy further requests an award of all costs of this litigation and any other relief allowed for by law or equity. Monrroy further requests an award of all costs of this litigation and any other relief allowed for by law or equity.

### COUNT III: Knowingly Presenting False Claims to the Commonwealth of Virginia (Va. Code Ann. § 8.01-216.1 *et seq.*)

51. Monrroy re-alleges and incorporates the allegations in paragraphs 1 through 50, as if full set forth herein. This Count is a civil action against Defendant(s) for violating Va. Code Ann. § 8.01-216.1 *et seq.*

#### 1. Defendant's Violations

52. Defendant violated Va. Code Ann. § 8.01-216.1 *et seq.* because Defendant have knowingly (or with willful or grossly negligent disregard for the truth) presented materially false claims to an officer or employee of the Commonwealth of Virginia for payment and have used false records or statements to get false claims paid by the Commonwealth of Virginia. Despite knowing that the Davis-Bacon Act applied to Defendant, and their affiliates and subcontractors, Defendant intentionally paid Monrroy and other employees less than the required prevailing wage and fraudulently submitted certified payrolls to the Commonwealth of Virginia under which they certified compliance with the Davis-Bacon Act in order to profit.

#### 2. Monrroy's Knowledge

53. Monrroy is an original source within the meaning of the Commonwealth of Virginia False Claims Acts and the facts upon which Monrroy relies in bringing this action have not been previously disclosed to the public.

54. Monrroy has direct and personal knowledge of the facts that Defendant did not pay employees the prevailing wage rates as required by the Davis-Bacon Act and the Silver Line Contract. Monrroy received paychecks indicating that he, personally, did not receive the prevailing wage and also has personal knowledge of the widespread and systematic practice of failing to pay employees the prevailing wage. Monrroy also has personal knowledge of Defendant's false representations to the Government that it did pay prevailing wages.

**3. Defendant's Liability**

55. Defendant's knowingly false misrepresentations of Davis-Bacon Act compliance are widespread, and discovery will reveal additional misrepresentations and deceptions made by Defendant to the Commonwealth of Virginia. The above acts violate Va. Code Ann. § 8.01-216.1 *et seq.*, and because of Defendant's conduct under this Count and the government's reliance on Defendant's material misrepresentations, the Commonwealth of Virginia has suffered actual damages.

**WHEREFORE,** Monrroy demands judgment be entered against the Defendant, jointly and severally, and that statutory damages be awarded in the amount of not less than $10,957 and not more than $21,916 for each and every incident of false certification to the Commonwealth and underpayment to Monrroy, and to each and every employee on the Silver Line Project who was not paid prevailing wages, plus three times the amount of damages the Commonwealth has sustained as a result thereof (with the final amount to be proven at trial).

Monrroy demands that statutory damages be awarded as well as reasonable attorneys' fees as provided for by the Commonwealth of Virginia False Claims Act. Monrroy demands a money judgment be entered against the Defendant for violations of the Commonwealth of Virginia False Claims Act and in accordance with any other remedy available at law. Monrroy further requests an award of all costs of this litigation and any other relief allowed for by law or equity. Additionally, Monrroy demands compensatory, nominal, and punitive damages that he is entitled. Monrroy further requests an award of all costs of this litigation and any other relief allowed for by law or equity.

## DAMAGES/DEMAND FOR RELIEF

56. Monrroy, hereby requests that grant all relief requested in the foregoing counts and grant any other relief as it deems appropriate including but not limited to attorney's fees, compensatory, nominal, and punitive damages.

## JURY DEMANDED

57. **MONRROY/RELATOR/PLAINTIFF** demands a jury trial on all issues contained herein.

Respectfully submitted,
SANTOS S. MONRROY

By: _____
Gregory Melus (85422)
Ascalon Lex, PLLC
301 N. Fairfax St., Suite 207
Alexandria VA 22314
703-485-7717 (ph)
703-543-5785 (fax)
gmelus@ascalonlex.com
*Attorney for*
*Monrroy/Relator/Plaintiff*

## VERIFICATION

I declare that I have reviewed the foregoing; that the facts alleged are true, to the best of my knowledge and belief. I understand that a false statement will subject me to penalties of perjury.

_____
Santos Monrroy